Filed 11/8/22  P. v. Peters CA4/1

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

COURT OF APPEAL, FOURTH APPELLATE DISTRICT

DIVISION ONE

STATE OF CALIFORNIA

| | |
|---|---|
| THE PEOPLE,  Plaintiff and Respondent,  v.  THERON LEE PETERS,  Defendant and Appellant. | D079686  (Super. Ct. No. SCD187000) |

APPEAL from an order of the Superior Court of San Diego County, Peter C. Deddeh, Judge.  Reversed and remanded with directions.

Lizabeth Weis, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters and Charles C. Ragland, Assistant Attorneys General, A. Natasha Cortina and Alan L. Amann, Deputy Attorneys General, for Plaintiff and Respondent.

After pleading guilty in 2007 to two counts of first degree murder as well as other crimes and being sentenced to two consecutive life terms for the murders, Theron Lee Peters in 2019 petitioned for resentencing under then

Penal Code[1] section 1170.95 (now section 1172.6[2]) based on changes made to the felony-murder rule by Senate Bill No. 1437 (2017-2018 Reg. Sess.). The trial court summarily denied the petition, finding Peters's admissions in his plea agreement showed he was a major participant who had acted with reckless indifference to human life in committing the murders.

While Peters's appeal was pending, the California Supreme Court decided *People v. Strong* (2022) 13 Cal.5th 698 (*Strong*) and the parties submitted supplemental briefing. Based on *Strong*, the People now concede the court's order should be reversed and the matter remanded for further proceedings consistent with that case. As we explain, we agree with the People's concession, reverse the order and remand with directions set forth below.

## BACKGROUND

In 2007, Peters pleaded guilty to two counts of first degree murder and other crimes.[3] In connection with the murder counts, he admitted special

---

[1]  Undesignated statutory references are to the Penal Code.

[2]  While this appeal was pending, the Legislature amended and renumbered section 1170.95 as section 1172.6. (Stats. 2022, ch. 58, § 10.) We refer to section 1172.6 in this opinion, even though 1170.95 was the operative designation at the time of the underlying proceedings.

[3]  In addition to the two first degree murder counts (§ 187, subd. (a); counts 2 and 4), Peters pleaded guilty to two counts of robbery (§ 211; counts 11 and 12); two counts of attempted robbery (§§ 211, 664; counts 5 and 7); conspiracy to take a vehicle by force (§ 182, subd. (a)(1); count 1); conspiracy to rob a liquor store (§ 182, subd. (a)(1); count 3); attempted carjacking (§§ 215, subd. (a), 664; count 6); kidnapping during a carjacking (§ 209.5, subd. (a); count 8); kidnapping for robbery (§ 209, subd. (b)(1); count 9); and carjacking (§ 215, subd. (a); count 10).

circumstance allegations that the murders had been committed in the perpetration of the underlying felonies of robbery or attempted robbery (§ 190.2, subd. (a)(17)). Peters admitted as to all counts that he was vicariously liable for another principal's use of a firearm within the meaning of section 12022, subdivision (a)(1). Peters's plea contains detailed factual bases for all counts. As to the count 2 murder, Peters admitted that he and Tecumseh Colbert agreed to rob Robert McCamey, and "[d]uring the commission of the robbery of McCamey, Peters was a major participant and acted with reckless indifference to human life when he participated in the crime, and who aided and abetted Colbert. Colbert killed . . . McCamey by shooting him with a handgun . . . ." (Some capitalization and bold omitted.) As to the count 4 murder, Peters admitted that "[d]uring the commission of the attempted robbery of [store clerk, Richard] Hammes, [he] was a major participant and acted with reckless indifference to human life when he participated in the crime, and who aided and abetted Colbert. Colbert killed . . . Hammes by shooting him with a handgun . . . ."

The court sentenced Peters to two consecutive life-without-parole terms on the murder counts, a consecutive term of life with the possibility of parole on the count 8 kidnapping, and seven years on the enhancements.

After Peters's guilty plea, the California Supreme Court decided *People v. Banks* (2015) 61 Cal.4th 788 (*Banks*) and *People v. Clark* (2016) 63 Cal.4th 522 (*Clark*), in which the court set out guidance on factors that must be considered by a jury in felony-murder special circumstance sentencing enhancements. *Banks* substantially clarified the law as to whether a defendant was a major participant in the underlying felony. (*Strong*, *supra*, 13 Cal.5th at p. 721; see *Banks*, at pp. 797-804.) Thereafter, in *Clark*, the court substantially clarified the relevant considerations for determining

3

whether a defendant acted with reckless indifference to human life. (*Strong*, *supra*, 13 Cal.5th at p. 721; see *Clark*, at pp. 611-623.)

DISCUSSION

Senate Bill No. 1437, effective January 1, 2019, "amend[ed] the felony[-]murder rule and the natural and probable consequences doctrine as it relates to murder, to ensure that murder liability is not imposed on a person who is not the actual killer, did not act with the intent to kill, or was not a major participant in the underlying felony who acted with reckless indifference to human life." (Stats. 2018, ch. 1015, § 1, subd. (f); see also *Strong*, *supra*, 13 Cal.5th at pp. 707-708.)[4]

Senate Bill No. 1437 also created a procedural mechanism in section 1172.6 for those convicted under the former law to petition the trial court for retroactive relief under the amended law. (§ 1172.6, subd. (a); *Strong*, *supra*, 13 Cal.5th at p. 708.) "[T]he process begins with the filing of a petition containing a declaration that all requirements for eligibility are met [citations], including that '[t]he petitioner could not presently be convicted of

---

[4]     Section 188, which defines malice, now provides in part: "Except as stated in subdivision (e) of Section 189, in order to be convicted of murder, a principal in a crime shall act with malice aforethought. Malice shall not be imputed to a person based solely on his or her participation in a crime." (§ 188, subd. (a)(3); Stats. 2018, ch. 1015, § 2.) Section 189, subdivision (e) now limits the circumstances under which a person may be convicted of felony-murder: "A participant in the perpetration or attempted perpetration of a felony listed in subdivision (a) [defining first degree murder] in which a death occurs is liable for murder only if one of the following is proven: [¶] (1) The person was the actual killer. [¶] (2) The person was not the actual killer, but, with the intent to kill, aided, abetted, counseled, commanded, induced, solicited, requested, or assisted the actual killer in the commission of murder in the first degree. [¶] (3) The person was a major participant in the underlying felony and acted with reckless indifference to human life, as described in subdivision (d) of Section 190.2." (Stats. 2018, ch. 1015, § 3.)

4

murder or attempted murder because of changes to . . . [s]ection 188 or 189 made effective January 1, 2019 . . . ." (*Ibid.*, fn. omitted.) "When the trial court receives a petition containing the necessary declaration and other required information, the court must evaluate the petition 'to determine whether the petitioner has made a prima facie case for relief.' [Citations.] If the petition and record in the case establish conclusively that the defendant is ineligible for relief, the trial court may dismiss the petition." (*Ibid.*)

In *People v. Lewis* (2021) 11 Cal.5th 952, the California Supreme Court explained the trial court's role in assessing a section 1172.6 petition: "While the trial court may look at the record of conviction after the appointment of counsel to determine whether a petitioner has made a prima facie case for . . . relief, the prima facie inquiry . . . is limited. . . . ' "[T]he court takes petitioner's factual allegations as true and makes a preliminary assessment regarding whether the petitioner would be entitled to relief if his or her factual allegations were proved. If so, the court must issue an order to show cause." ' [Citation.] '[A] court should not reject the petitioner's factual allegations on credibility grounds without first conducting an evidentiary hearing.' " (*Id.* at p. 971.) Importantly, "[i]n reviewing any part of the record of conviction at this preliminary juncture, a trial court should not engage in 'factfinding involving the weighing of evidence or the exercise of discretion.' " (*Id.* at p. 972.) "[T]he 'prima facie bar was intentionally and correctly set very low.' " (*Ibid.*)

If a defendant has made a prima facie showing of entitlement to relief, " 'the court shall issue an order to show cause.' " (*Strong, supra*, 13 Cal.5th at p. 708.) Once the court determines that a defendant has made a prima facie showing, it "must [then] hold an evidentiary hearing at which the prosecution bears the burden of proving, 'beyond a reasonable doubt, that the petitioner is

guilty of murder or attempted murder' under state law as amended by Senate Bill [No.] 1437. [Citation.] 'A finding that there is substantial evidence to support a conviction for murder, attempted murder, or manslaughter is insufficient to prove, beyond a reasonable doubt, that the petitioner is ineligible for resentencing.' [Citation.] 'If the prosecution fails to sustain its burden of proof, the prior conviction, and any allegations and enhancements attached to the conviction, shall be vacated and the petitioner shall be resentenced on the remaining charges.' " (*Id.* at p. 709.) "Senate Bill [No.] 1437 relief is unavailable if the defendant was either the actual killer, acted with the intent to kill, or 'was a major participant in the underlying felony and acted with reckless indifference to human life . . . .' " (*Id.* at p. 710.)

In *Strong, supra,* 13 Cal.5th 698, the California Supreme Court held that given the clarifications in the law, jury special circumstance findings issued before *Banks, supra,* 61 Cal.4th 788 and *Clark, supra,* 63 Cal.4th 522 "do not preclude [a defendant] from making out a prima facie case for resentencing under section 1172.6." (*Strong,* at p. 721.) The court explained: "*Banks* and *Clark* represent the sort of significant change that has traditionally been thought to warrant reexamination of an earlier-litigated issue. Our earlier discussion of habeas corpus petitioners who have obtained relief from their felony-murder special circumstances in the wake of *Banks* and *Clark* [citation] does much to explain why: There are many petitioners with pre-*Banks* and *Clark* felony-murder special-circumstance findings who nevertheless could not be convicted of murder today. . . . A pre-*Banks* and *Clark* special circumstance finding does not negate [a defendant's prima facie showing under section 1172.6, subdivision (a)(3) that they could not presently be convicted of murder or attempted murder because of changes to section 188 or 189 effective January 1, 2019] because the finding alone does not

6

establish that the petitioner is in a class of defendants who would still be viewed as liable for murder under the current understanding of the major participant and reckless indifference requirements." (*Strong,* at pp. 717-718.) Nor does a court's later sufficiency of the evidence review amount to the determination section 1172.6 requires. (*Id.* at p. 720.) Accordingly, such findings do not warrant summary denial of a section 1172.6 petition, rather, the matter must proceed to an evidentiary hearing. (See *ibid.*)

Here, Peters's guilty plea admission to being a major participant who acted with reckless indifference to human life occurred before the high court decided *Banks, supra,* 61 Cal.4th 788 and *Clark, supra,* 63 Cal.4th 522. As the People properly concede, neither his admissions, nor the trial court's cursory finding in denying Peters's petition for resentencing, provide a basis to reject an otherwise prima facie showing. (*Strong*, *supra*, 13 Cal.5th at p. 720.) We therefore vacate the court's order and remand the matter for further proceedings consistent with *Strong*. We express no opinion on whether Peters is entitled to relief.

DISPOSITION

The order is reversed and the matter remanded with directions to issue an order to show cause under section 1172.6, subdivision (c) and to hold a hearing under subdivision (d) of that section.


O'ROURKE, Acting P. J.

WE CONCUR:


IRION, J.


DO, J.

8